**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

ANTONIO LEDESMA-ESTRADA,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

No. C06-4015-MWB

**MEMORANDUM OPINION AND
ORDER REGARDING
DEFENDANT'S § 2255 MOTION**

———————————

**TABLE OF CONTENTS**

*I.  INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A.  Charges and Plea*  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    *B.  Sentencing* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    *C.  The § 2255 Motion*  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*II.  LEGAL ANALYSIS*  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    *A.  Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . . . . 5
    *B.  Preliminary Matters* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    *C.  Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . . . 8
        *1.  Applicable Standards* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
        *2.  Failure To Object To Sentencing Enhancement*  . . . . . . . . .  11
        *3.  Failure To Object To Pre-Sentence Report* . . . . . . . . . . . . .  18
        *4.  Failure To Request Downward Departure* . . . . . . . . . . . . .  24
        *5.  Failure To Move For Credit For Time Served* . . . . . . . . . . .  26
        *6.  Failure To Move For A Variance In Light Of Booker*  . . . . .  27
    *D.  Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . .  28

*III.  CONCLUSION*  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  29

# I. INTRODUCTION AND BACKGROUND

This matter comes before the court pursuant to defendant Antonio Ledesma-Estrada's February 21, 2006, *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence by a Person in Federal Custody (docket no. 1) ("Motion"). In his Motion, Ledesma-Estrada challenges the validity of his sentence on the following grounds: (1) that the court erred when it imposed a sentencing enhancement based on his prior state court convictions, (2) that the court erred in its calculation of petitioner Ledesma-Estrada's criminal history points, (3) that the use of his prior state convictions to calculate his criminal history points constitutes a violation of the Double Jeopardy Clause of the United States Constitution, (4) that the court miscalculated his jail time credit, and (5) that his counsel was ineffective in several respects. With regard to his last claim, petitioner Ledesma-Estrada asserts that his counsel was ineffective in the following respects: (1) his counsel failed to object to the sentencing enhancement, (2) his counsel failed to make timely objections to errors in the presentence investigation report, (3) his counsel failed to request a downward departure, and (4) his counsel failed to make a motion to ensure that petitioner received credit for the time he served in custody prior to being sentenced.

The undersigned entered an Initial Review Order (docket no. 2) in this case on July 7, 2006. The Initial Review Order dismissed the following claims on the ground that Ledesma-Estrada had defaulted these claims by failing to pursue them on direct appeal: (1) the court erred when it imposed a sentencing enhancement based on his prior state court convictions, (2) the court erred in its calculation of his criminal history points, (3) the use of his prior state convictions to calculate his criminal history points constitutes a violation of the Double Jeopardy Clause of the United States Constitution, and (4) the court

miscalculated his jail time credit. The court reserved ruling on Ledesma-Estrada's claims of ineffective assistance of counsel and established a briefing schedule for these claims.

## *A. Charges and Plea*

On August 21, 2004, Antonio Ledesma-Estrada, a/k/a Antonio Gutierrez, Antonio Gutierrez-Gonzalez, and Flaco Moniker, was charged in a one-count indictment (Crim. docket no. 1), with being a previously deported alien who was found in the United States without the express consent of the Attorney General or his successor, the Secretary for Homeland Security, in violation of §§ 1326(a) and 1326(b). The indictment also included a notice that, pursuant to 8 U.S.C. § 1326(b), Ledesma-Estrada was subject to an increase in the maximum statutory sentence that could be imposed in his case because of his prior convictions.

On November 23, 2004, Ledesma-Estrada appeared by consent before Chief United States Magistrate Judge Paul A. Zoss, to plead guilty to the charge in the indictment. Ledesma-Estrada's plea of guilty was not pursuant to a plea agreement. On the same date, Judge Zoss filed a Report and Recommendation (Crim. docket no. 14), in which he recommended that Ledesma-Estrada's guilty plea be accepted. No objections to Judge Zoss's Report and Recommendation were filed. On December 17, 2004, the court accepted, Judge Zoss's Report and Recommendation, thereby accepting Ledesma-Estrada's guilty plea.

## *B. Sentencing*

Ledesma-Estrada's sentencing hearing before the undersigned occurred on February 18, 2005. On February, 25, 2005, judgment (Crim. docket no. 20) was entered against Ledesma-Estrada sentencing him to 78 months. Ledesma-Estrada was placed on

supervised release for 24 months and was assessed a $100 special assessment. All fines were waived. Ledesma-Estrada had a base offense level of 8; however, he received a sixteen-level enhancement pursuant to U.S.S.G. § 2L1.2 based on having previously been deported after a conviction for a felony, that is, a drug-trafficking offense for which the sentence imposed exceeded 13 months. The enhancement was based on Ledesma-Estrada's prior convictions, in California, for three offenses: (1) possession for sale of cocaine on July 14, 2000; (2) possession for sale of cocaine on June 8, 1998; and (3) transportation for sale of cocaine on February 1, 1995. The addition of the enhancement placed Ledesma-Estrada at a level 24. Ledesma-Estrada received a 3-point reduction for acceptance of responsibility, making his total offense level pursuant to the guidelines 21. Ledesma-Estrada was found to have a total of 12 criminal history points, resulting in a criminal history category of V. The guidelines range for Ledesma-Estrada was 70 to 87 months. Ledesma-Estrada's sentence of 78 months, therefore, was near the middle of the guidelines range.

## C. The § 2255 Motion

Ledesma-Estrada did not appeal his sentence or his conviction. Instead, on February 21, 2006, Ledesma-Estrada filed his *pro se* Motion (docket no. 1), now before the court. In support of the claims allowed to proceed by the court, Ledesma-Estrada asserts that his trial counsel was ineffective because he failed to do the following: (1) object to the sentencing enhancement; (2) make timely objections to errors in the pre-sentence investigation report; (3) request a downward departure; and (4) make a motion to ensure that petitioner Ledesma-Estrada received credit for the time he served in custody prior to being sentenced. (Motion at 11). The Initial Review Order (docket no. 2),dated July 7, 2006, directed Ledesma-Estrada to file a brief in support of his Motion on or

4

before August 7, 2006, ordered the prosecution to file a response brief on or before September 7, 2006, with Ledesma-Estrada to file a reply brief on or before September 29, 2006. Ledesma-Estrada filed his *pro se* Memorandum of Facts and Attached Declaration (docket no. 4) on August 10, 2006. The prosecution filed a Memorandum In Support Of Its Court Ordered Response (docket no. 5) on September 7, 2006, with conviction records and an affidavit signed by Ledesma-Estrada's trial counsel attached thereto. Ledesma-Estrada filed his *pro se* Petitioner's Reply (docket no. 5) on October 2, 2006.

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Ledesma-Estrada's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate

a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United*

*States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Ledesma-Estrada's claims for § 2255 relief.

### B. Preliminary Matters

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006)(quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted). In this case, the court concludes that no evidentiary hearing is required on any issue, because the record "conclusively show[s] that [Ledesma-Estrada] is entitled to no relief" on his claim of ineffective assistance of counsel. 28 U.S.C. § 2255.

### C. Ineffective Assistance Of Counsel

#### 1. Applicable Standards

Ledesma-Estrada's remaining § 2255 claims are for ineffective assistance of counsel. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on

direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, whether or not Ledesma-Estrada is entitled to relief on his § 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledesma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic

choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). To demonstrate "prejudice" in the context of a guilty plea, Ledesma-Estrada must establish that there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty but would have proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance

prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997).

### 2. *Failure To Object To Sentencing Enhancement*

Ledesma-Estrada states "Counsel failed to object to [the] sixteen point level enhancement when if counsel would have done at a very least minimal research counsel would have known that said enhancement could have been challenged." (Motion at 11). Ledesma-Estrada argues that his counsel should have objected to the enhancement because the statutory definition of the California convictions, upon which the enhancement in his case is based, does not meet the definition of a drug-trafficking offense for purposes of application of the enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(1). (Defendant's Memorandum at 6). Additionally, Ledesma-Estrada argues that a sentencing court cannot rely solely upon a Pre-Sentence Report for information supporting the enhancement. Thus, Ledesma-Estrada argues that his counsel should have objected to the court's reliance on the Pre-Sentence Report for imposition of the sixteen-level enhancement. (Defendant's Memorandum at 5- 6). Ledesma-Estrada states that if his counsel had been sufficiently aware of the law and had made these arguments, he would have been facing a sentence of 46-57 months rather than a sentence of 70-87 months. (Defendant's Memorandum at 7).

The prosecution argues that the convictions do in fact constitute "drug -trafficking offenses" pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(1). (Prosecution's Memorandum at 10). Further, the prosecution argues that Ledesma-Estrada acknowledged the prior convictions upon which the enhancement was based to his trial counsel; therefore, his trial counsel had no reason to object to the enhancement. (Prosecution's Memorandum at 10).

The guidelines mandate a sixteen-level enhancement for violations of 8 U.S.C. § 1326 in certain circumstances: If the defendant previously was deported, or unlawfully remained in the United States, after a conviction for a felony that is a drug-trafficking

offense for which the sentence imposed exceeded 13 months. U.S.S.G. § 2L1.2(b)(1)(A)(i). The guidelines at the time of Ledesma-Estrada's sentencing defined a "drug-trafficking offense" as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance … or the possession of a controlled substance …with intent to manufacture, import, export, distribute, or dispense." *Id.* cmt. n.1(B)(iv).

The government bears the burden of proving that a prior conviction qualifies as a "drug-trafficking offense" for purpose of application of the enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i). *United States v. Garcia-Medina,* 497 F.3d 875, 876 (8th Cir. 2007) (citing *United States v.Khang,* 904 F.2d 1219, 1222 (8th Cir. 1990) ("[T]he burden of proof falls on the party asserting the sentencing adjustment.")). Although the prosecution has the burden of proving that a prior conviction qualifies as a "drug-trafficking offense" for purpose of application of the enhancement, a district court may look to the charging document, plea agreement, or guilty-plea transcript colloquy in which the factual basis for the plea was confirmed by a defendant, or to some comparable judicial record, to determine whether a conviction is one which requires application of the enhancement. *Shepard v. United States,* 544 U.S. 13, 20 (2005).

The prosecution provided notice to Ledesma-Estrada, in the indictment, that the prosecution was relying on three prior convictions for purposes of application of the enhancement in his case: (1) A conviction in July 14, 2000, in California, for possession for sale of cocaine (Case No. PAO36373); (2) a conviction on June 8, 1998, in California, for possession for sale of cocaine (Case No. LA030103); and (3) a conviction on February 1, 1995, in California, for sale of cocaine (Case No. LA019334). (Indictment at 1-2). If any one of these offenses met the requirements of U.S.S.G § 2L1.2(b)(1)(A)(i), the sixteen-level enhancement would have applied.

On June 2, 2000, Ledesma-Estrada was charged under the alias of Antonio Gutierrez, in Los Angeles County, under a three count-information. (Prosecution's Memorandum, Exhibit 4). Count one alleged a violation of California Health & Safety Code Section 11351 for unlawfully possessing for sale and purchasing for sale a controlled substance, cocaine. Count two alleged a violation of California Health & Safety Code Section 11351.5 for unlawfully possessing for sale and purchasing for purposes of sale, cocaine base. Count three alleged a violation of California Health & Safety Code Section 11352(a) for unlawfully transporting cocaine and cocaine base. An Abstract of Judgment in Case No. PA036373 (Prosecution's Memorandum, Exhibit 5) indicates that a conviction was entered against Ledesma-Estrada for Count one of the information on July 14, 2000. Ledesma-Estrada pleaded guilty and was sentenced to 2 years.

On April 21, 1998, Ledesma-Estrada was charged under the alias of Antonio Gutierrez, in Los Angeles County, under a two-count felony complaint. (Prosecution's Memorandum, Exhibit 2). Count one of this complaint alleged a violation of California Health & Safety Code Section 11351 for unlawfully possessing for sale and purchasing for sale, cocaine. Count two of the complaint alleged a violation of California Health & Safety Code Section 11350(a) for unlawfully having in his possession cocaine. An Abstract of Judgment in Case No. LA030103 (Prosecution's Memorandum, Exhibit 3) indicates that a conviction was entered against Ledesma-Estrada for Count one of the complaint on June 8, 1998. Ledesma-Estrada pleaded guilty and received a 3-year sentence.

The prosecution has not produced similar documents in support of a conviction in Case No. LA019334. Additionally, none of these documents were considered by the court before imposing the sixteen-level enhancement. However, trial counsel states that "I recall speaking with Mr. Ledesma-Estrada about the sixteen-level enhancement for his prior drug

felonies in California. Mr. Ledesma-Estrada acknowledged those convictions and indicated that he was represented by California defense counsel during those proceedings. I confirmed that fact through another review of the record of convictions obtained from the Superior Court of Los Angeles County." (Prosecution's Memorandum, Affidavit at 3).

Ledesma-Estrada argues that the statutory definition in the California Health and Safety Code for the crimes for which he was previously convicted, is too broad to serve as the basis for the sixteen-level enhancement in his case because it encompasses and criminalizes activity that does not fall within the statutory definition of a "drug-trafficking offense." (Motion at 6). Further, Ledesma-Estrada argues that the statutory definition in the California Health and Safety Code statute for possession of cocaine for sale cannot support the sixteen-level enhancement because it does not describe nor mention any of the statutory definitions of a "drug-trafficking offense." (Motion at 6).

The guidelines at the time of Ledesma-Estrada's sentencing defined a "drug-trafficking offense" as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G § 2L1.2 cmt. n.1(B)(iv).

Two of Ledesma-Estrada's prior convictions were pursuant to California Health and Safety Code § 11351 which provides in relevant part:

> [E]very person who possesses for sale or purchases for purposes of sale (1) any controlled substance . . . shall be punished by imprisonment in the state prison for two, three, or four years.

*See* California Health & Safety Code § 11351.  Ledesma-Estrada relies mainly on cases holding that California Health & Safety Code § 11352(a)(which he was not convicted under), and other state statutes with similar language, are overinclusive, to support his argument.  *See United States v. Gutierrez-Ramirez,* 405 F.3d 353, 359 (5th Cir. 2005)*; see also United States v. Navidad-Marcos,* 367 F.3d 903, 906 (9th Cir. 2004).

The Eighth Circuit Court of Appeals has also held that California Health & Safety Code § 11352(a) is overinclusive for purposes of application of the sixteen-level enhancement.  *United States v. Garcia-Medina,* 497 F.3d 875, 877 (8th Cir. 2007).  The California statute in question in these cases states:

> [E]very person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport . . . [a] controlled substance . . . shall be punished by imprisonment in the state prison for three, four, or five years.

*See* California Health & Safety Code § 11352(a).  The Eighth Circuit Court of Appeals found that because the statute criminalized both conduct that would qualify a defendant for an enhancement as well as conduct that would not do so, such as transportation of marijuana for personal use, it was overinclusive, and the court could look to the terms of the charging document, the terms of a plea agreement, or the transcript of the colloquy between the judge and defendant in which the factual basis for the plea was confirmed by the defendant, or … some comparable judicial record of this information in order to determine whether the plea necessarily rested on facts equating to the qualifying offense.  *Garcia-Medina,* 497 F.3d at 877 (quoting *Vasquez-Farcia,* 449 F.3d at 872, in turn quoting *Shepard v. United States,* 544 U.S. 13, 21, 26 (2005)).

However, there is no conduct defined in California Health & Safety Code

§ 11351 (the statute under which Ledesma-Estrada was convicted), that is not included in the Guideline's definition of a "drug-trafficking offense", therefore, unlike California Health & Safety Code § 11352, § 11351 is not overinclusive and the court had no obligation to look beyond the Pre-Sentence Report to determine that Ledesma-Estrada's prior convictions were sufficient to establish a basis for the sixteen level enhancement. Ledesma-Estrada's argument seems to be based on an erroneous belief that he was convicted pursuant to California Health & Safety Code § 11352 for transportation, sale, or giving away of controlled substances. (Reply Brief at 7-8). Any conviction pursuant to California Health & Safety Code § 11351 would qualify as a "drug-trafficking offense" for purposes of the sixteen-level enhancement.

Ledesma-Estrada did not, and has not to date, contended that the convictions do not exist. Although trial counsel may be ineffective for not objecting to prior convictions at sentencing, *See Auman v. United States,* 67 F.3d 157, 162 (8th Cir. 1995)(stating that defendant may raise counsel's failure to object to use of predicate offense, during sentencing, in an independent § 2255 claim), counsel is not ineffective for failing to make a futile objection. *See Woodall v. United States,* 72 F.3d 77, 80 (8th Cir. 1995) (finding that if the government already possessed, or could readily have obtained, prior conviction information, counsel did not provide ineffective assistance by failing to make a futile objection to an inadequate PSR); *Flieger v. Delo,* 16 F.2d 878, 887 (8th Cir. 1994); *Thomas v. United States,* 952 F.3d 902, 905 (8th Cir. 1991). In this case, not only did trial counsel obtain Ledesma-Estrada's acknowledgement of the convictions, he reviewed the records of the prior convictions, and the prosecution already possessed, or could readily have obtained, the prior conviction information that would support the sixteen-level enhancement. It would have been futile for Ledesma-Estrada's counsel to object to the record of convictions that provided the basis for the enhancement, and his performance,

in this respect, did not "'fall below an objective standard of reasonableness,'" and was, therefore, not deficient. *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003). Ledesma-Estrada's claim that his trial counsel was ineffective for failing to object to the court's reliance on the Pre-Sentence Report as establishing the basis for the sixteen level enhancement must, therefore, fail.

Even if Ledesma-Estrada could establish that counsel's performance was "deficient," and the court does not believe that he can, he must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, Ledesma-Estrada must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). To demonstrate "prejudice" in the context of a guilty plea, Ledesma-Estrada must establish that there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty but would have proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).

Because the record of the convictions was easily obtainable and because the statutory definition of the crimes for which Ledesma-Estrada was previously convicted clearly fell into the definition of "drug-trafficking offenses," Ledesma-Estrada cannot make a convincing argument that he would have gone to trial, thereby losing a 3-point reduction for acceptance of responsibility, instead of pleading guilty. Therefore, Ledesma-Estrada's claim that his counsel was ineffective for failing to object to the sentencing

enhancement on the basis that his prior convictions do not meet the definition of a "drug-trafficking offense," even with supporting documents, must fail.

### 3. *Failure To Object To Pre-Sentence Report*

Ledesma-Estrada further argues that his counsel provided ineffective assistance by failing to timely object to errors in the Pre-Sentence Report. (Motion at 11). Ledesma-Estrada states that his counsel failed to object to the fact that (1) his Pre-Sentence Report failed to state a specific offense on which it relied to support the enhancement, (2) it failed to identify the statute involved, (3) it failed to provide the source of the information, (4) it failed to state if defendant was represented by counsel, (5) the conviction listed in paragraph 29 occurred prior to his 18th birthday and more than five years before the instant offense, (6) the Pre-Sentence Report did not provide narrative of the events leading to his convictions in paragraphs 30 and 31, (7) the Pre-Sentence Report did not indicate whether defendant was represented by counsel in the convictions in paragraphs 30, 31, and 32, and (8) the Pre-Sentence Report did not indicate the source of the information in paragraph 32. (Defendant's Memorandum at 7-10). The prosecution first argues that none of the alleged erroneous information would have made any difference to the sentence imposed by the court, and, second, argues that Ledesma-Estrada's counsel did in fact make some of the objections that Ledesma-Estrada alleges were not made.

Failure to object to a Pre-Sentence Report can qualify as objectively unreasonable conduct, thereby satisfying the first prong of the *Strickland* test. *United States v. Ford,* 918 F.2d 1343, 1350 (8th Cir. 1990). Where counsel fails to object to a Pre-Sentence Report and prejudice to the defendant results, such failure is ineffective assistance unless the decision to not object was a strategic decision. *Garrett v. United States,* 78 F.3d 1296, 1304 (8th Cir. 1996). Ledesma-Estrada's first claim that his counsel failed to timely object to the Pre-Sentence Report is that his counsel failed to object to the fact that his Pre-

Sentence Report failed to state a specific offense on which it relied to support the enhancement. Paragraph 18 of the Pre-Sentence Report relies on three previous convictions as providing the basis for application of the sixteen-level enhancement. Ledesma-Estrada's argument then appears to be that the Pre-Sentence Report was improper unless it specified only one of the three prior convictions as the basis for the enhancement. Since the court could rely on any one of the three convictions, and Ledesma-Estrada acknowledged all three convictions to his trial counsel, the court finds no merit in this complaint because any failure to object to the listing of all three convictions, rather than just one, did not prejudice Ledesma-Estrada.

Ledesma-Estrada then argues that his counsel was ineffective for failing to object to the Pre-Sentence Report for failing to identify the statute involved. It is not clear whether Ledesma-Estrada is referring to the statutes that provide the basis for the prior convictions or some other statute; nevertheless, for purposes of analysis, this court will assume that Ledesma-Estrada's complaint is that the Pre-Sentence Report does not indicate which statutes provided the basis for his previous convictions. Again, because Ledesma-Estrada acknowledged these prior convictions to his counsel, and his counsel verified them by reviewing the records of his convictions, which readily indicate the statutes upon which the convictions were founded, Ledesma-Estrada cannot demonstrate that he suffered any prejudice from a failure to object to the Pre-Sentence Report on this basis.

This court also finds that Ledesma-Estrada's complaint that his counsel did not object to the Pre-Sentence Report for failing to state the source of the information for his previous convictions lacks merit because Ledesma-Estrada cannot demonstrate that he was prejudiced in any way by this failure. Ledesma-Estrada acknowledged the accuracy of the information about the convictions to his attorney and knowledge of the source of the

information for the previous convictions would in no way have changed the fact that the sixteen-level enhancement was properly applied in Ledesma-Estrada's case.

Ledesma-Estrada next alleges that his counsel was ineffective for failing to object to the Pre-Sentence Report because the Pre-Sentence Report does not state that he was represented by counsel for his previous convictions. Ledesma-Estrada does not contend or present evidence that he was unrepresented in various prior convictions, he simply states that it has not been established that he was represented. For sentencing purposes, once the government has carried its initial burden of proving the fact of a conviction, it is the defendant's burden to show that the conviction was not valid. *United States v. Evans,* 285 F.3d 664, 674 (8th Cir. 2002) (citing *United States v. Early,* 77 F.3d 242, 244-45 (8th Cir. 1996). Generally, defendants may not collaterally attack prior convictions used for sentencing enhancements. *United States v. Levering,* 431 F.3d 289, 294 (8th Cir. 2005) (citing *Moore v. United States,* 178 F.3d 994, 997 (8th Cir, 1999). A narrow exception to this rule applies if the prior conviction was obtained in violation of the defendant's right to counsel. *Id.* "Under this exception, the government has the initial burden of proving the fact of conviction, and then the defendant must show that the conviction was constitutionally infirm." *Id.* The court notes that both of the abstracts of judgment included as exhibits with the prosecution's memorandum indicate that Ledesma-Estrada was represented by counsel. This court finds that Ledesma-Estrada cannot establish any prejudice from his counsel's failure to object to the fact that the Pre-Sentence Report does not state that Ledesma-Estrada was represented by counsel at his prior state court proceedings.

Next, Ledesma-Estrada claims that his counsel was ineffective for failing to object to the Pre-Sentence Report on the basis that the conviction in paragraph 29 of the Pre-Sentence Report occurred prior to his 18th birthday and more than five years before the

instant offense. U.S.S.G § 4A1.2(d)(2)(A) provides that when computing criminal history points for a prior offense committed by a defendant prior to the age of eighteen, 2 points should be added for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense. The Pre-Sentence Report, in paragraph 29, allocates 2 criminal history points pursuant to U.S.S.G. § 4A1.1(b), for what it classifies as an adult conviction on November 16, 1994, when the defendant was 17 years old. (Pre-Sentence Report at 6). The Pre-Sentence Report states that on February 1, 1995, a 180-day jail sentence was imposed with 3 years probation and that on August 27, 1996, probation was revoked and Ledesma-Estrada was sentenced to 3 years of imprisonment. (Pre-Sentence Report at 6). A conviction at age 17 may qualify as a predicate offense for the career offender guideline where the defendant had been tried and convicted as an adult. *United States v. McNeil,* 90 F.3d 298, 300 (8th Cir. 1996) (citing *United States v. Hazelett,* 32 F3d 1313, 1320 (8th Cir. 1994)). While Ledesma-Estrada's sixteen-level enhancement was not applied pursuant to the career offender guideline, this court is persuaded that prior convictions would be treated in a similar fashion for purposes of application of the sixteen-level enhancement.

The Prosecution argues that this conviction does not affect the sixteen-level enhancement and was not objected to because the defendant was "likely charged and convicted as an adult." (Prosecution's Memorandum at 12). There was no evidence in the record at the time of sentencing to support the position that Ledesma-Estrada was charged and convicted as an adult for the offense listed in paragraph 29 of the Pre-Sentence Report and the affidavit of trial counsel does not address this point.

However, even if failure of counsel to object to the allocation of 2 criminal history points for this conviction constituted deficient performance, Ledesma-Estrada cannot

21

establish that he was prejudiced by any such failure. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877 ( Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance). To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). The Pre-Sentence Report allocated a total of 12 criminal history points to Ledesma-Estrada which placed Ledesma-Estrada in a category V. Reduction of Ledesma-Estrada's criminal history points to 10 would not have reduced his criminal history to the level of category IV, and would, therefore, have had no effect on his sentence. *Cf. United States v. Ford,* 918 F.2d 1343, 1350 (8th Cir. 1990) (finding prejudice where base offense level would have been 32 rather than 34, but for counsel's error). For these reasons, Ledesma-Estrada's claim of ineffective assistance of counsel for failure to object to the allocation of 2 criminal history points on the basis of a conviction that occurred before Ledesma-Estrada was 18 and that sentence was imposed more than five years prior to the current offense, fails.

Ledesma-Estrada then argues that his counsel was ineffective for failing to object to the addition of criminal history points for the previous convictions that provide the basis for the sixteen-level enhancement, on the basis that the PreSentence Report does not provide a narrative of events that led to the prior convictions and fails to state that Ledesma-Estrada was represented by counsel for these convictions. First, the affidavit of counsel states that Ledesma-Estrada discussed these convictions with counsel, including that he had been represented by counsel, and, second, Ledesma-Estrada does not take the position that he was not represented by counsel, but only complains that his counsel should

have objected that the Pre-Sentence Report does not indicate that he was represented by counsel. For the reasons stated above, with regard to Ledesma-Estrada's fourth claim, this would have been a futile objection and his counsel was not ineffective for failing to make a futile objection. *Garrett v. United States*, 78 F.3d 1296, 1305 (8th Cir. 1996).

Ledesma-Estrada then claims that his counsel should have objected to the allocation of criminal history points for the conviction for Possession of a Controlled Substance-Methamphetamine, Possession of a Controlled Substance-Marijuana and Operating While Intoxicated, appearing in paragraph 32 of the Pre-Sentence Report (October 25, 2004 conviction in Crawford County Iowa), on the additional basis that the conviction "was unlawful and was obtained in violation of due process." (Defendant's Memorandum at 9). Ledesma-Estrada also contends that his counsel should have objected to the allocation of criminal history points for this conviction because the offense occurred on the same day and was part of the same arrest as the instant federal offense charged under the indictment in this case and was, therefore, not a prior conviction. The guidelines define "prior sentence" as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1) An individual can violate 8 U.S.C. § 1326 in three ways: (1) by entering, (2) by attempting to enter, (3) or by being found in the United States without permission from the Attorney General to reenter after previously being deported. *United States v. Estrada-Quijas,* 183 F.3d 758, 761 (8th Cir. 1999). Ledesma-Estrada was indicted for having been found in the United States on or about August 8, 2004, after re-entering the United States without the required permission, after having previously being deported. The indictment was returned on September 21, 2004. The convictions appearing in paragraph 32 of the Pre-Sentence Report are for Possession of a Controlled Substance-methamphetamine, Operating While Intoxicated, and Possession of a Controlled

Substance-marijuana. While it is true that these convictions arise from an arrest on the same date, they are "for conduct not part of the instant offense," pursuant to U.S.S.G. § 4A1.2(a), and were, therefore, appropriately included in Ledesma-Estrada's criminal history. It would not have been reasonable for Ledesma-Estrada's counsel to have objected to the Pre-Sentence Report on this basis. Ledesma-Estrada cannot establish that his counsel's performance, in these circumstances, "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

### 4. *Failure To Request Downward Departure*

Ledesma-Estrada contends that his trial counsel provided ineffective assistance of counsel by failing to request a downward departure pursuant to U.S.S.G. § 4A1.3(b) and 18 U.S.C. § 3553(b) on the basis that his criminal history was substantially over-represented. (Defendant's Memorandum at 11). Ledesma-Estrada argues that his prior convictions were all for non-violent offenses and that the total amount of drugs involved in all of his prior convictions does not exceed a total of 1/2 ounces. He argues that these facts combined with his age and his untreated drug dependency would have made him a good candidate for a downward departure. (Defendant's Memorandum at 11).

The prosecution argues that Ledesma-Estrada's trial counsel did discuss the possibility of seeking a downward departure with him, but that trial counsel felt that it would not be successful. (Prosecution's Memorandum at 12). Further, it is clear that his counsel was aware of the arguments that Ledesma-Estrada wanted him to make in arguing for a downward departure and that he made a strategic decision that it would serve no purpose to seek such a departure. (Prosecution's Memorandum, Affidavit). "'Strategic

choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690).

Further, Ledesma-Estrada cannot establish that he was "prejudiced" by this alleged failure. A district court has discretion under U.S.S.G. § 4A1.3(b)(1) to grant a downward departure for overstated criminal history "where the facts support it." *United States v. Washington,* 467 F.3d 1122, 1125 (8th Cir. 2006). However, where the "criminal history is not outside the heartland of cases such that a departure is warranted," no departure will be warranted. *Id.; see Also Koon v. United States,* 518 U.S. 81, 94 (1996). Ledesma-Estrada does not provide any support for a finding that his criminal history is "outside the heartland" in any way that would support a downward departure, nor does he demonstrate how it is that his age or untreated drug dependency are different in such a way that would justify a downward departure. It is clear that the court was aware of the arguments that Ledesma-Estrada felt should be considered as a reason for a reduced sentence. (Sentencing Trans. at 4-5). After hearing Ledesma-Estrada's oral explanation of these reasons and after verifying that the court had reviewed Ledesma-Estrada's letter to the court also addressing these reasons, the court still determined that there was no reason for a departure in his case. (Sentencing Trans. at 4-5). There is no reason to believe that the court would have given any greater consideration to these reasons if they had been argued by counsel pursuant to a more formal request for downward departure. Ledesma-Estrada has not demonstrated that the outcome of the sentencing proceeding would have been any different, and therefore, has not established that he has been prejudiced by his counsel's conduct. *See Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same).

### 5.    *Failure To Move For Credit For Time Served*

Ledesma-Estrada also argues that his counsel was ineffective for failing to file a motion seeking credit for time he served in state custody. (Motion at 11). Ledesma-Estrada argues that his counsel should have filed a motion for a downward departure pursuant to U.S.S.G. § 5K2.0(a)(1)(A) and (a)(2)(A). (Defendant's Memorandum at 13). Ledesma-Estrada argues that because he spent 80 days in state custody from August 8, 2004, to October 25, 2004, on arrest for a separate offense that occurred on the same date, resulting from the same course of events as the federal charge, he should have received credit as "time served" for all of this time, rather than receiving credit only from October 25, 2004. (Defendant's Memorandum at 13-15). The prosecution argues that Ledesma-Estrada is not entitled to credit for time served in state custody for unrelated offenses and that credit for time served is an administrative issue to be determined by the Bureau of Prisons. (Prosecution's Memorandum at 13).

In *United States v. Wilson,* 503 U.S. 329, 331 (1992), the United States Supreme Court decided that the appropriate credit for time spent in official detention is to be determined by the United States Attorney General after the criminal defendant has begun to serve his sentence rather than by a federal district court at the time of sentencing. *United States v. Moore,* 978 F.2d 1029, 1031 (8th Cir. 1992). The Attorney General has delegated authority to grant credit for time served to the Bureau of Prisons. *Id*. at 1031. Because the district court did not have authority to grant a downward departure for time served, the performance of Ledesma-Estrada's counsel in failing to request such a departure, was not deficient because it did not fall "'below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). If the movant fails to show deficient performance by counsel, the court need

proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

### 6.      Failure To Move For A Variance In Light Of *Booker*

Although the court did not address the issue in its Initial Review Order, Ledesma-Estrada, at least initially, claimed that his counsel also provided ineffective assistance by failing to request a downward departure under U.S.S.G. §5K2.0(a)(2)(B) or 18 U.S.C. § 3553(a) in light of the United States Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005).  (Motion at 11).  Although Ledesma-Estrada refers to this as a request for a departure, it is more appropriately interpreted as a request for a variance. Ledesma-Estrada does not further address this issue in his Memorandum, nor does the prosecution address the issue in its Response.

The court, in sentencing Ledesma-Estrada, applied the Sentencing Guidelines in an advisory manner. (Sent. Trans. at 5).  Because the court was already applying the sentencing guidelines in an advisory manner, any request for a variance on the ground that the guidelines were advisory, would have been futile, and counsel did not behave unreasonably by failing to make such a request.  Ledesma-Estrada cannot establish that counsel's performance "'fell below an objective standard of reasonableness.'"  *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688).

Nor can Ledesma-Estrada demonstrate that he would have been prejudiced by a failure to request a variance because he cannot demonstrate that there would have been any different outcome if his counsel had requested a variance in light of *Booker*.  The court was already treating the guidelines as advisory when considering what sentence would be appropriate for Ledesma-Estrada.  To satisfy the "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability

[meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Ledesma-Estrada's claim must fail because he cannot demonstrate that his counsel was deficient or that he suffered any prejudice.

## D. Certificate Of Appealability

Denial of Ledesma-Estrada's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. Whether or not a certificate of appealability should issue is controlled by 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing

required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Ledesma-Estrada has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Ledesma-Estrada's claims debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Ledesma-Estrada does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

## III.  CONCLUSION

Upon the foregoing, defendant Ledesma-Estrada's *Pro Se* Motion Under 28 U.S.C. § 2255 (docket no. 1 ) is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 24th day of March, 2009.

Mark W. Bennett

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA